**No. 60407.**—Modern Food Products Co. *v.* United States, protest 265226–K (Los Angeles).

DONLON, Judge: The question before us is whether red beans, imported from Japan at the port of Los Angeles, were "entered for consumption" on or before August 31, 1951, as plaintiff's protest claims. If so, the merchandise is entitled to the seasonal preferential rate of 1½ cents per pound under paragraph 765 of

the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of March 8, 1949, T. D. 52167, effective March 16, 1949. If not entered for consumption until a date in September 1951, the seasonal preferential rate does not apply, since it is applicable to this merchandise only "when entered for consumption during the period from May 1 to August 31 * * *." T. D. 52167, *supra*.

The official papers show that a consumption entry was filed with the collector on August 30, 1951, the day the beans were landed. The entry clerk rejected the entry, with the initialed notation "show missing documents." Estimated duties were paid September 4, 1951, and that is the date officially stamped as the date of entry. The "show missing documents" notation and the clerk's initials have lines drawn through.

At the trial, Mr. William D. White, president of Frank P. Dow Co., Inc., customs broker who made entry for the importer, testified for plaintiff; and Mr. Newell B. Ruggles, the deputy collector in charge of the entry division during the period of time in issue, testified for defendant. Although Mr. Ruggles had no independent recollection of a conversation with Mr. White regarding this entry (R. 14), Mr. White testified that he went to the customhouse on August 31, 1951, and there talked with Mr. Ruggles (R. 6); that he (White) requested that the reason for rejection of the entry be eliminated and also that the entry be processed in time for estimated duties to be paid that day (R. 4–5), presumably so that advantage might be taken of the seasonal preferential rate. Mr. White testified that Mr. Ruggles, in his presence, struck out the notation "show missing documents" from the entry (R. 7).

However, neither plaintiff nor the customs broker in its behalf followed up this conversation by attempting to learn whether the entry was up for payment on August 31 (R. 12), and it is a fact that the check for estimated duties was not tendered on August 31 (R. 11).

As above noted, the estimated duties were paid September 4, 1951, and that is the date of entry. The merchandise is subject to the rate of duty then applicable.

Plaintiff argues that it was defendant's fault, due to erroneous rejection of the entry on August 30, that entry was not completed before September 1. This is not a convincing argument on the facts before us. In the first place, the evidence is not conclusive that rejection was either erroneous or illegal; and, in the second place, there is nothing to show, even if that were true, that plaintiff was prevented, by defendant's alleged wrongful act, from paying the estimated duties on August 31, 1951. Indeed, the evidence adduced by plaintiff fails to support, by any record of action taken, the oral claim of Mr. White that the broker wished to pay estimated duties on August 31. There is no evidence that it even tried to do so. For aught we know, the entry may have been available for payment on August 31, 1951. What we do know is that payment was not then tendered (R. 11).

Judgment for defendant.